IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,               )
                                        )          8:18-CR-193
               Plaintiff,               )
                                        )
                                        )       **BRIEF IN SUPPORT**
vs.                                     )        **OF MOTION FOR**
                                        )       **BILL OF PARTICULARS**
SHERIFF OPEYEMI OLALERE,                )
                                        )
               Defendant.               )

**COMES NOW** Defendant Sheriff Opeyemi Olalere ("Defendant"), and files this Brief in Support of his Motion for Bill of Particulars.

## INTRODUCTION

Defendant is charged in a multiple-count Indictment filed on July 17, 2018. Specifically, Count I alleges that Defendant conspired with his co-defendants, Afeez Oladimeji Akinloye, Saliu Jimoh Akinloye, and Ebenezer Gbenga Omoshagba, to commit wire fraud. Count II alleges that Defendant and his co-defendants used or trafficked in an unauthorized access device. These allegations stem from evidence obtained beginning in August 2016, showing that proceeds from real estate transactions were fraudulently redirected to unauthorized accounts from the different victim institutions. In providing discovery to Defendant in preparation for his defense of these allegations, there is no evidence that Defendant joined the alleged conspiracy, took any overt acts in furtherance of the alleged conspiracy, or that any actions of either indicted or unindicted co-conspirators are imputed to Defendant. Therefore, this Court should grant Defendant's motion for a Bill of Particulars to be filed by the government, so that he may be sufficiently informed of the nature of the charges against him with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at the time of trial.

## ARGUMENT

"If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009). Rule 7(f) of the Federal Rules of Criminal Procedure provides that "the Court may direct the filing of a bill of particulars." The purpose of the bill of particulars are threefold: (1) it "serves to inform the defendant of the nature of the charge against him with

sufficient precision to enable him to prepare for trial;" (2) "to avoid or minimize the danger of surprise at trial;" and (3) "to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite." *United States v. Milk*, 66 F.4th 1121, 1133 (8th Cir. 2023); *United States v. Hernandez*, 299 F.3d 984, 989-990 (8th Cir. 2002). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993). "The trial court has broad discretion in granting or denying a bill of particulars." *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991).

There is no dispute that the conspiracy-to-commit-wire-fraud indictment adequately states an offense as to the co-defendants. Specifically, the indictment alleges that at least two co-defendants were actively phishing for contact information of persons involved in real estate transactions and creating fraudulent email accounts to redirect the real estate transaction proceeds to their own accounts. However, the indictment fails to provide any details of the Defendant's own actions, making it impossible for the Defendant to understand the nature of the charges as they pertain specifically to him. Specifically, there are no facts or evidence showing that the Defendant obtained information on real estate closing documents, contacted the parties involved in the closing, or posed as another party to the real estate transaction. There are no facts or evidence showing that the Defendant created email accounts in the name of any party who was to receive a monetary disbursement as a result of the real estate transaction. Moreover, there is no evidence that the Defendant agreed to participate in the conspiracy or committed any overt acts in furtherance of it.

The only evidence provided in discovery and the facts alleged in the indictment that involve the Defendant are limited to two emails in which he was the recipient of wire confirmation slips forwarded to him by a co-defendant. Notably, the correspondence the Defendant received was one-sided, and the government has provided no evidence of any response from the Defendant, either by word or by action, to show how the Defendant participated in the conspiracy. Accordingly, this indictment is insufficient to provide fair notice of what the Defendant is charged with in this alleged conspiracy, including when he specifically used or trafficked in one or more authorized access devices, or aided and abetted the same. Any and all references to the Defendant receiving

forwarded emails from his co-defendant predate the period in which the government claims these violations occurred.

It is beyond clear, upon reviewing the indictment, that the Defendant has insufficient notice of the nature of the charges specifically against him, thereby preventing him from preparing his defense. If the Court refuses to grant the Defendant's motion for a bill of particulars, there is a substantial risk of unfair surprise at trial.

## CONCLUSION

For all the foregoing reasons, the Defendant respectfully moves this Court, following an evidentiary hearing, for an order requiring the government to file a bill of particulars so that the Defendant may adequately prepare for trial and avoid any unfair surprise at trial.

**DATED** this 8th day of May, 2026.

BY:   /s/ *Oluseyi O. Olowolafe*
Oluseyi O. Olowolafe #26896
OLOWOLAFE LAW FIRM, LLC
1227 Golden Gate Drive
Papillion, NE 68046
Phone: (402) 995-9554
Fax: (402) 218-2206
seyi.olowolafe@ololawfirm.com

ATTORNEY FOR DEFENDANT