IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | **8:18CR193** |
| vs. | | |
| SHERIFF OPEYEMI OLALERE, | | **ORDER** |
| Defendant. | | |

This matter comes before the court on Defendant Sheriff Opeyemi Olalere's ("Olalere") Motion for a Bill of Particulars (Filing No. 62), his supporting brief (Filing No. 63), and the government's brief in opposition. (Filing No. 64). Being duly advised in the premises, the court denies the motion.

## I.    BACKGROUND

On July 17, 2018, a grand jury returned a two-count indictment against Olalere and three co-defendants. (Filing No. 1). Count I charges all defendants with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, alleging that the conspiracy began at a time unknown to the grand jury, but no later than September 2016, and which continued through approximately June 2017. (Filing No. 1). Count II charges all defendants with Access Device Fraud in violation of 18 U.S.C. §§ 1029(a)(2) and 2, during the same period. (Filing No. 1, at p. 6). According to the indictment, the defendants obtained information from real estate closing documents, identified title companies, sellers, and scheduled closings, then created fraudulent email accounts impersonating parties to those

transactions. (Filing No. 1, at paras. 3-4). Using those accounts, the defendants emailed victim companies requesting that wire transfers be redirected to accounts the defendants could access, and the victim institutions (believing the requests to be legitimate), complied. (Filing No. 1, at para. 4). The indictment alleges a total loss exceeding $1,850,000. (Filing No. 1, at para. 5).

The indictment asserts six "overt acts" undertaken in furtherance of the charged scheme. (Filing No. 1, at paras. 5(a)-(f)). Four involved co-defendant Saliu Jimoh Akinloye, who allegedly created the fraudulent email accounts and sent fraudulent emails to title companies. (Filing No. 1, at paras. 5(a)-5(d)). Two overt acts allegedly involved Olalere directly. In April 2016, co-defendant Afeez Oladimeji Akinloye allegedly forwarded Olalere a wire confirmation slip email from a closing handled by Guardian Law Group in Florida. In May 2016, Afeez Akinloye allegedly forwarded Olalere a wire confirmation slip email from a Cornerstone Title Company closing in California. (Filing No. 1, at paras. 5(e)-5(f)).

Olalere was arraigned on April 24, 2026, and entered pleas of not guilty to both counts. (Filing No. 51). The government provided discovery on May 1, 2026, in compliance with the court's progression order. (Filing No. 55, Filing No. 64, at pp. 1-2). According to the government, that production included a chronological timeline of events linking specific dates and evidence to associated loss figures; defendant-specific and victim-specific folders containing evidence directly relevant to each individual and entity; and two PowerPoint presentations summarizing the entire case, including bullet points, screenshots of evidence, and relationship diagrams showing connections among the defendants. (Filing No. 64, at pp. 1-2). Olalere filed the present motion on May 8, 2026, asserting that the indictment fails to allege any acts he committed in furtherance of the conspiracy and that the discovery does not enable him to prepare a defense. (Filing No. 63). His motion seeks a Bill of Particulars for the following:

- State specifically when, where, and in what manner the Defendant is alleged to have become a member of the charged conspiracy;

- State specifically whether the alleged conspiracy was express or implied;
- State specifically what the Defendant agreed to do as part of the alleged conspiracy;
- State specifically any overt acts in furtherance of the alleged conspiracy in which the Defendant undertook;
- State to the extent any acts of indicted or unindicted alleged co-conspirators are to be imputed to the Defendant, please provide the (a) name of the co-conspirator, (b) detailed description of the act, (c) the date, time, and place of the act, and (d) the basis for imputing the act to the Defendant; and,
- State specifically when, where and in what manner the Defendant is alleged to have used or trafficked in one or more unauthorized access devices, are aided and abetted the same.

(Filing No. 62). The government filed its opposition the following day. (Filing No. 64).

Defendant also requests an evidentiary hearing and oral argument on the motion. The court has discretion to determine whether to hold an evidentiary hearing. *See United States v. Hardison,* 859 F. 3d 585, 589 (8th Cir. 2017). The court is only required to hold an evidentiary hearing "when the moving papers are sufficiently definite, specific, and detailed to establish a contested issue of fact." *United States v. Stevenson*, 727 F.3d 826, 830 (8th Cir. 2013). Olalere's motion presents legal questions concerning the sufficiency of the indictment and the adequacy of the government's disclosures, not contested factual issues. Because the existing record permits resolution of those issues, the court finds that an evidentiary hearing is unnecessary.

## II.   LEGAL STANDARD

Rule 7(c)(1) requires only that an indictment contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). "An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *United States v. Bowie*, 618 F.3d 802, 817 (8th Cir. 2010) (*quoting United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir. 1993)). "If a defendant believes that an indictment does not provide enough information to prepare a defense, then

he or she may move for a bill of particulars." *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009) (*citing* Fed. R. Crim. P. 7(f)).

"The purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial and to avoid or minimize the danger of surprise at trial." *Id.* (internal quotation marks omitted) (*quoting United States v. Hernandez*, 299 F.3d 984, 989–90 (8th Cir. 2002)). Only when an essential element "of substance" rather than "of form" is omitted is an indictment fatally insufficient. *United States v. Beasley*, 688 F.3d 523, 532 (8th Cir. 2012) (*quoting United States v. Mallen*, 843 F.2d 1096, 1102 (8th Cir. 1988)).The trial court has broad discretion to grant or deny such relief. *United States v. Stephenson*, 924 F.2d 753, 762 (8th Cir. 1991).

### III.    ANALYSIS

Olalere argues that neither the indictment nor the government's disclosures adequately identify when or how he allegedly joined the conspiracy, the nature of any agreement he allegedly entered, the acts he personally undertook in furtherance of the scheme, or the conduct of co-conspirators the government intends to attribute to him at trial. (Filing No. 62, Filing No. 63). The court disagrees. The indictment is sufficient on its face and the government's discovery disclosures further undercut any claim of prejudice.

First, the indictment adequately and specifically places Olalere on notice of the charges against him. A conspiracy indictment contains sufficient specific facts when it apprises the defendant of the timeframe of the conspiracy and the nature of the unlawful scheme. *United States v. Huggans*, 650 F.3d 1210, 1218 (8th Cir. 2011). The indictment here does precisely that and more. It identifies the alleged statutory violations, specifies the timeframe of the charged conspiracy, identifies the alleged co-conspirators, describes the object and purpose of the scheme, details the manner and means of the fraud, alleges losses exceeding $1.85 million, and identifies six overt acts undertaken in furtherance of the conspiracy. (Filing No. 1, at paras. 1-5).   The indictment also identifies Olalere and describes his alleged receipt of forwarded wire confirmation slips from co-defendant Afeez

4

Akinloye, connecting that conduct to specific fraudulent closings in Florida and California. (Filing No. 1, at paras. 5(e)-5(f)). Viewed as a whole, the indictment plainly informs Olalere of the conduct the government alleges he undertook, the scheme in which he allegedly participated, and the charges he must defend against at trial.

Even where an indictment leaves certain details unresolved, a bill of particulars is unwarranted when the government's pretrial disclosures provide the defendant with the information necessary to prepare a defense and avoid unfair surprise. *Huggans*, 650 F.3d at 1220. A bill of particulars is not a discovery device and may not be used to compel the government to disclose the evidence it will present at trial or to preview its trial strategy. *Id*. That is the situation here. In *Huggans*, the defendant sought detailed information including identification of co-conspirators, the timing and location of the alleged conduct, and the scope of his involvement in the conspiracy. The Eighth Circuit affirmed the denial of the motion because the government's pretrial disclosures had provided "virtually every piece of information" sought, and the defendant could point to no instance of unfair surprise or lost defense opportunity. *Id*. at 1220-21. Olalere's request presents the same problem. He seeks additional evidentiary detail rather than clarification of the charged offense, which the indictment already defines.

The Eighth Circuit reached the same conclusion in *United States v. Livingstone*, 576 F.3d 881 (8th Cir. 2009), where the defendant requested particulars regarding anticipated testimony from co-conspirator witnesses. The court affirmed denial of the motion because the indictment, combined with discovery disclosures, was sufficient to inform the defendant of the nature of the charge and allow preparation for trial. *Id*. at 883-84. The court explained that the purpose of a bill of particulars is "to inform the defendant of the nature of a charge with sufficient precision to enable him to prepare for trial" and "to avoid or minimize the danger of surprise at trial," and held that the defendant had not shown actual surprise or prejudice. *Id*. Taken together, *Huggans* and *Livingstone* reflect the Eighth Circuit's consistent approach that a bill of particulars is unnecessary where the indictment and pretrial disclosures adequately inform the defendant of the charges and where the

request is effectively an attempt to obtain detailed evidentiary disclosure rather than clarification of the charges.

The government's disclosures here satisfy that standard. The production included a chronological timeline linking specific events to supporting evidence and associated loss figures, defendant-specific and victim-specific folders, and two PowerPoint presentations summarizing the case through bullet points, screenshots, and relationship diagrams. (Filing No. 64, at pp. 1-2). That is precisely the kind of comprehensive pretrial disclosure that *Huggans* and *Livingstone* found sufficient to foreclose a bill of particulars, and it goes well beyond what Rule 7(f) requires.

This conclusion is reinforced by a recent decision in this district. In *United States v. Dominguez*, 2025 WL 2928867 (D. Neb. Oct. 15, 2025), the court denied a motion for a bill of particulars where the defendant argued that the indictment and discovery primarily described the conduct of a co-defendant and did not sufficiently explain his own role in the alleged conspiracy. The court rejected that argument, finding that the indictment adequately stated the charged offenses, tracked the relevant statutes, identified the controlled substance, and alleged a defined conspiracy period. It further emphasized that the defendant had received substantial Rule 16 discovery, including investigative materials such as an affidavit, surveillance observations, and communications evidence, which together provided sufficient notice of the government's theory of the case. The same reasoning applies here. As in *Dominguez*, the indictment adequately identifies the charged conspiracy, specifies the applicable timeframe, and the government's discovery likewise provides additional evidentiary context concerning the alleged conduct. Taken together, these materials adequately inform the defendant of the nature of the charges against him and the government's general theory of prosecution.

Olalere's most pointed argument is that the only conduct the indictment and discovery attribute to him consists of two forwarded emails to which he allegedly never responded, and that passive receipt of wire confirmation slips cannot establish knowing participation in the conspiracy. But that argument goes to the merits of the government's

case, not to the adequacy of the indictment. Olalere knows what he is charged with. Whether the government can prove at trial that his receipt of the emails establishes the knowledge and intent necessary for conviction is a question for another day. Consistent with *Huggans* and *Livingstone*, a bill of particulars may not be used to demand evidentiary detail beyond what is necessary to avoid surprise and enable preparation for trial. *Huggans, 650 F.3d at 1220-21*; *Livingstone, 576 F.3d at 883-84*. For these reasons, the court finds that Olalere has received sufficient notice of the charges against him and has not shown a basis for the relief he seeks.

Accordingly, Defendant Olalere's Motion for a Bill of Particulars (Filing No. 62) is denied.

Dated this 18th day of May, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

7